Per Curiam.
Plaintiffs’ motion should have been denied on the ground of defective service. Service in the same manner as *932 service of a summons generally is required for the commencement of an action pursuant to CPLR 3213. While, in Thrasher v. United States Liab. Ins. Co. (19 N Y 2d 159), service of notice of entry of the judgment against the insured, made upon the attorney appearing for the insured, was held to sufficiently comply with the requirement in section 167 (subd. 1, par. [b]) of the Insurance Law for service of such notice upon the insurer, the institution of the action itself brought after the expiration of 30 days against the insurer is governed by the jurisdictional requirements applicable to any action. Service of the summons accompanied by the CPLR 3213 motion papers upon the preparation man of the attorney who had appeared for the insured did not constitute personal service upon the insurance company (CPLR 311).
Furthermore, it was held in Holmes v. Allstate Ins. Co. (33 A D 2d 96) that the action against the insurer under section 167 of the Insurance Law is not an action in the nature of one brought on a judgment within the meaning of the provisions of CPLR 3213.
The order should be reversed, with $10 costs, and motion denied.
Concur — ■ Streit, J. P., Gold and Quinn, JJ.
Order reversed, etc.